UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| WILBUR CHARLES DUPREE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:05-cv-98 |
| | ) | *Edgar / Lee* |
| WARDEN HOBBS, CHIEF QUINN, | ) | |
| P. JOHNSON, AND SGT. BAILEY, | ) | |
| | ) | |
| *Defendants.* | ) | |

## **MEMORANDUM**

Wilbur Charles Dupree ("Dupree"), an inmate at Correctional Corporation of America, Silverdale ("CCA-Silverdale"), in Chattanooga, Tennessee, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C.§ 1983 [Court File No. 3]. Dupree's initial application for leave to proceed *in forma pauperis* [Court File No. 1] was deficient. On May 23, 2005, the Court issued a deficiency order directing Dupree to pay the full filing fee of $250.00 or to complete the *in forma pauperis* application and submit the necessary documents within thirty days from the date of the order [Court File No. 4]. Additionally, Dupree was notified that non-compliance with the Court's order would result in a presumption that he was not a pauper, an assessment of the full amount of fees, and a dismissal of the case without the possibility of reinstatement to the Court's docket despite any subsequent payment of the filing fees.

-1-

Dupree has failed to timely file a completed application to proceed *in forma pauperis* or to pay the full filing fee. Consequently, the Court finds Dupree has failed to comply with its order.

Rule 41(b) of the *Federal Rules of Civil Procedure* allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Dupree's failure to prosecute and to comply with the orders of this Court. FED. R. CIV. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

### *Application to Proceed In Forma Pauperis*

Dupree has failed to comply with the Court's order [Court File No. 4]. Therefore, pursuant to the Court's previous order, Dupree will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Dupree's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Dupree's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Dupree's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Dupree's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden of CCA-Silverdale, the custodian of inmate accounts at CCA-Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Dupree's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Dupree's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

---

[1] **Send remittances to the following address:**

Clerk, U.S. District Court
P.O. Box 591
Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

-3-

Case 1:05-cv-00098 Document 5 Filed 11/21/05 Page 3 of 4 PageID #: 3

The plaintiff will also be **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

A judgment will enter.

                                       */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE