UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| WILBUR CHARLES DUPREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05-cv-98 |
| ) | Edgar/Lee |
| WARDEN HOBBS, CHIEF QUINN, ) | |
| P. JOHNSON, AND SGT. BAILEY, ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT

For the reasons expressed by the Court in its memorandum filed herewith, it is hereby **ORDERED** that:

(1) Plaintiff Wilbur Charles Dupree ("Dupree") is **ASSESSED** the civil filing fee of **$250.00** under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Dupree's inmate trust account at the institution where he now resides **SHALL** submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

    (a) twenty percent (20%) of the average monthly deposits to Dupree's inmate trust account; or

    (b) twenty percent (20%) of the average monthly balance in Dupree's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Dupree's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

(2) The Clerk of Court **SHALL** mail a copy of this memorandum and order to the Warden of CCA-Silverdale, the custodian of inmate accounts at CCA-Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Dupree's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

(3) The agency having custody **SHALL** collect the filing fee funds, make this order a part of the inmate's file, and send it with the inmate if he is transferred to another institution. The agency having custody of the inmate shall pay the monthly payments from the plaintiff's prisoner account until the entire filing fee is paid.

(4) The plaintiff is **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order.

(5) The plaintiff's complaint is **DISMISSED** for plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b).

It is **FURTHER ORDERED** that upon carefully reviewing this complaint pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby **CERTIFIES** that any appeal from this action would

not be taken in good faith and would be totally frivolous. Therefore, this Court hereby **DENIES** plaintiff leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24.

ENTER this *21st day of November, 2005*.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE
